FILED

MAR 13 2006

# Jury Instructions

JEFFREY A. APPERSON, CLERK
BY
DEPUTY CLERK

## *Bailey*

## *v.*

## *Keel*

## 5:03cv-145-R

## Western District of Kentucky
## Paducah Division

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven their case against the Defendants by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

INSTRUCTION NO. 2

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 3

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it all. But you should act reasonably and carefully in making these decisions.

You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 4

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

## INSTRUCTION NO. 5

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date and sign your answers.

INSTRUCTION NO. 6

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 7

**Eighth Amendment Claim in Violation of 42 U.S.C. §1983 - Excessive Use of Force**

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. The Plaintiff, Vaughn Bailey, claims that Defendant Timothy Keel, by using excessive force against him by striking him with a chair, violated the Plaintiff's Eighth Amendment constitutional rights.

In order to prove a violation under the Eighth Amendment, the Plaintiff prove all of the following elements by a preponderance of the evidence:

**First**: That Defendant Keel used force against the Plaintiff maliciously and sadistically, for the very purpose of causing the Plaintiff harm;

**Second**: That the Plaintiff suffered some harm as a result of the use of force by Defendant Keel; and

**Third**: That Defendant Keel was acting under the color of state law.

If the Plaintiff fails to prove any of these elements, you must find for Defendant Keel.

In order to prove a violation under the Eighth Amendment, the Plaintiff must show that the Defendant Keel unnecessarily and wantonly inflicted pain on the Plaintiff. Whether a use of force is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.

In determining whether the force was excessive, you must consider such factors as the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was used to achieve a legitimate purpose or wantonly for the very purpose of causing harm. "Maliciously" means intentionally injuring another without just cause or reason. "Sadistically" means engaging in extreme or excessive

cruelty or delighting in cruelty. ...

Acts are done under the color of state law include not only the lawful acts of state officials that occur within the bounds of their lawful authority, but also when the official acts without or beyond the bounds of lawful authority. In order for unlawful acts to be done under the color of state law, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.

## INSTRUCTION NO. 8

Your answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.