UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:03CV-145-R

VAUGHN BAILEY,                                                                    PLAINTIFF

v.

TIMOTHY KEEL,                                                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Defendant Timothy Keel's ("Keel") Motion for

Judgment Not Withstanding the Verdict ("JNOV") (Docket #104).  The Plaintiff, Vaughn Bailey

("Bailey") has responded (Docket #106), and the Defendant has replied to that response (Docket

#107).  This matter is now ripe for adjudication.  For the following the reasons, the Defendant's

JNOV is **DENIED**.

## DISCUSSION

Keel argues that Bailey did not prove that the force used by Keel against Bailey violated

the cruel and unusual punishment clause of the Eighth Amendment by a preponderance of the

evidence.  In particular, Keel asserts that Bailey did not prove that Keel acted with sadistic and

malicious intent toward the Plaintiff.  Keel also contends that the force used against Bailey was

repugnant to the Eighth Amendment because the chair was a light-weight plastic chair.  Keel

argues that Bailey failed to demonstrate by a preponderance of the evidence that the injury

sustained by the Plaintiff was a minor injury that resulted from a *de minimis* use of physical

force, which does not qualify as an injury under the Eighth Amendment.  Lastly, Keel claims that

the jury award was arbitrary and excessive.

The Sixth Circuit Court of Appeals, in *Carlton v. Turner*, held that the judicial inquiry

courts should use when a prison official stands accused of violating the cruel and unusual

punishment clause of the Eighth Amendment is "whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Carlton v. Turner*, 2006 Fed.App. 0255N, *2 (6th Cir. 2006).  In absence of an excuse for the use of force against a prisoner, a claim becomes cognizable under the Eighth Amendment when officers fail to provide a legitimate explanation for the use of their force. *Id.* at *3.  Evidence of serious injury is not required "when prison officials maliciously and sadistically use force to cause harm." *Hardy v. Vieta*, 2006 Fed.App. 0238N, *3 (6th Cir. 2006).

In *Carlton*, the Court emphasized the importance of the credibility of the prisoner, stating that "the claim rises or falls based on a credibility assessment of what happened during [the] confrontation," and if the finder of fact determines the prisoner is telling the truth, the plaintiff has a cognizable Eighth Amendment claim. *Carlton* at *3.  In *Hardy*, the prisoner was mildly injured after a guard pushed a steel door against him for no reason, since the confrontation did not take place during the course of a prison security or disciplinary sequence. *Hardy* at *3. There was also evidence that the guard in *Hardy* acted wantonly by uttering threatening words to the prisoner, indicating premeditation. *Id.*  The Sixth Circuit Court of Appeals ultimately reversed the decision by the district court, noting that even though the extent of the injury was not serious and could be classified as *de minimis*, the act of pushing the door against the prisoner combined with the words used amounted to a malicious and sadistic use of force to cause harm in violation of the Eighth Amendment. *Id.* at 3.

In the instant matter, the finder of fact determined that they believed Bailey's story about the force used by Keel against the Plaintiff.  On two (2) occasions Keel threw a chair at Bailey multiple times, causing a shin bruise to Bailey on March 11, 2003.  Bailey also alleges that Keel

used threatening words when addressing him on both occasions.  The actions by Keel were not committed for security or disciplinary reasons, and Keel has offered no explanation as to why he needed to throw the chair at Bailey, other than that they were joking around.  There was sufficient evidence for the jury to find this was not horseplay.  Accordingly, Bailey sufficiently proved by a preponderance of the evidence that the force used by Keel against Bailey violated the Eighth Amendment because the force used demonstrated a malicious and sadistic intent on the part of Keel to cause unnecessary harm to Bailey.

Similar to *Hardy*, the evidence in the instant matter demonstrates that although Bailey did not suffer a serious injury, Keel's repeated actions on two (2) separate occasions along with the threats used against Bailey showed wantonness on the part of Keel.  The finder of fact did not believe Keel's story that the he and Bailey were simply joking around.  As such, Keel has no excuse for his use of force against Bailey.  Further, Bailey does not need to offer evidence of a serious injury because there was sufficient evidence that Keel acted maliciously and sadistically when he threw the chair at Bailey numerous times for no legitimate reason.  Therefore, there was sufficient evidence to justify the jury verdict for an Eighth Amendment violation.

Lastly, Keel offers no reason as to why the jury award was in anyway arbitrary or excessive.  The extent of the injury in comparison to the damages was not excessive and arbitrary. *See Johnson v. Howard*, 24 Fed.Appx. 480, 486 (6th Cir. 2001).  Accordingly, the award for $2500 in mental pain and suffering, and $2500 in punitive damages against Keel shall stand.

## CONCLUSION

For the foregoing reasons, the Defendant's JNOV is **DENIED**.

3

An appropriate order shall issue.